IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02016-LTB-KLM

**CRITICAL NURSE STAFFING, INC.**, a Colorado Corporation,

    Plaintiff,

v.

**SARAH MORLANG**,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Critical Nurse Staffing, Inc., by and through its counsel, J. Christopher Ballard, and Defendant Sarah Morlang, by and through her counsel, James Fosnaught, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

1. This Order shall be applicable to and govern all depositions, documents, things, and information produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery conducted in this case pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at deposition or trial, matters in evidence, and other information or copies thereof which the disclosing Party designates as "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" hereafter furnished, directly or indirectly, by or on behalf of any Party in connection with this action.

2. The term "Party" or "Parties" shall include the following: the above-named

Parties to this litigation stipulating herein; all predecessors or successors thereof and all present directors, officers, employees, agents, or representatives of Plaintiff. Any third party may produce documents or information in connection with this litigation pursuant to the terms of this Order.as more fully set forth below in paragraph 15.

3. Information designated as "**CONFIDENTIAL**" is information which is ordinarily specific and personal in nature, personally private and sensitive information. Such information includes, but is not limited to, information that contains an individual's medical or treatment history, financial information, social security number, or other personal identifier. All materials and/or documents related to Critical Nurse Staffing, Inc. ("CNS" herein) and/or Four Corners Healthcare, LLC ("Four Corners") or any affiliated companies, their patient-clients, employees, contractors or in any other way associated with CNS or Four Corners shall be deemed "**CONFIDENTIAL**" for the purposes of this Order. Any and all materials related to CNS's and/or Four Corners communications with the Department of Labor or other federal agencies as well as any agency or department of any state related to the Energy Employees Occupational Illness Compensation Program Act shall, unless designated "**RESTRICTED CONFIDENTIAL**," be deemed "**CONFIDENTIAL**," for purposes of this Order.

4. Information designated as "**RESTRICTED CONFIDENTIAL**" is material the Designating Party believes in good faith is not known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious, irreparable injury, and which the Designating Party (i) would not normally reveal to third parties under any circumstances and (ii) believes in good faith constitutes proprietary, technical or commercially sensitive competitive information that the Designating Party maintains as highly

confidential in its business. The Parties agree that financial information of the individual defendant, shall be designated "**RESTRICTED CONFIDENTIAL**".

5. In designating information as "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**," a Party shall make such a designation only as to materials which that Party in good faith believes demand such a designation. The fact that information may be designated as "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" pursuant to this Order, does not create any presumption with regard to the confidential, proprietary, or trade secret nature of such information.

6. Information designated as "**CONFIDENTIAL**" may be disclosed only to the following persons:

> a. the attorneys working on this action on behalf of any Party, all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;
>
> b. any person not affiliated with a Party who is expressly retained by any attorney to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;
>
> c. any individually named Party, as well as any director, officer or employee of a Party who is required to work directly on this litigation, with disclosures only to the extent necessary to perform such work; and
>
> d. the Court, which shall include Court personnel.

7. Information designated as "**RESTRICTED CONFIDENTIAL**" may be disclosed only to the following persons:

> a. attorneys working on this action on behalf of any Party, and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such outside counsel;

3

b.   any person not affiliated with a Party who is expressly retained by any attorney to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work; and

c.   any individually named Party, subject to the limitation that the Party receiving material designated as "**RESTRICTED CONFIDENTIAL**" must not (1) keep a copy of the "**RESTRICTED CONFIDENTIAL**" material; (2) view "**RESTRICTED CONFIDENTIAL**" material outside the direct supervision of counsel; (3) take notes concerning the content of the "**RESTRICTED CONFIDENTIAL**" material; (4) discuss or disclose the contents of the "**RESTRICTED CONFIDENTIAL**" material with or to third parties unless said third parties are technical advisors; or (5) use the "**RESTRICTED CONFIDENTIAL**" materials for any purpose other than in connection with the prosecution or defense of the claims brought against them in this lawsuit; and

d.   the Court, which shall include court personnel.

8.   "**CONFIDENTIAL**" and "**RESTRICTED CONFIDENTIAL**" documents, materials, and/or information shall be used solely for the purpose of prosecution or defense of this action, and such documents may only be used, consistent with the terms of this Order, and, without limitation, in pretrial discovery and at the trial or in preparation for trial and any appeal of this action, provided, however, any Party may use its own "**CONFIDENTIAL**" information and "**RESTRICTED CONFIDENTIAL**" information for any purpose whatsoever. The use of "**CONFIDENTIAL**" information and "**RESTRICTED CONFIDENTIAL**" information at trial or during depositions in this case shall not be deemed a waiver of the protections of this Order, and the Parties and their attorneys shall be required to comply with the terms of this Order other than in presentation of evidence at trial.

9.   Any Party objecting to the designation of any information as "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" shall clearly state the basis for the objection in a written notice to counsel for the Party making the designation. The Parties

shall first try to dispose of such dispute in good faith, on an informal basis. If the dispute cannot be resolved, it shall be the obligation of the Party challenging the designation of the information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" to make an appropriate motion [pursuant to MJ Mix's discovery procedures] requesting that the Court determine whether the disputed information should be subject to the terms of this Order. Such motion shall be made within fifteen (15) days after the above notice is sent. If such motion is timely made, the disputed information shall be treated as "RESTRICTED CONFIDENTIAL" until such time as the Court rules on the motion. If the challenging Party fails to make such motion within the prescribed time, the disputed information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall not lose its designation as such and such information shall be subject to the terms of this Order. In connection with a motion made under this provision, the party designating the information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information.

10.  In the case of documents, interrogatory answers, responses to request to admit, and information contained therein, designation shall be made by placing the following legend on any such document prior to its production -- "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." In the event that a Party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" at the time of its production, the producing Party shall inform the recipient Party promptly after the discovery of such failure. The recipient Party shall thereafter mark the document or information in the manner requested by the producing Party and handle the

document in accordance with such marking. The recipient Party will also inform each individual that received such document or information of the confidential status of such document or information.

11. Whenever a deposition involves the disclosure of "**CONFIDENTIAL**" information or "**RESTRICTED CONFIDENTIAL**" information, the deposition or portions thereof shall be appropriately designated and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions after transcription, provided written notice of the designation is promptly given to all counsel of record within fourteen (14) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" information and mail copies of the list to counsel for all parties. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "**RESTRICTED CONFIDENTIAL**" material. If no such designation is made within fourteen (14) days after receipt of the transcript, the transcript shall be considered as not containing any "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" information.

12. In the event "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" material, whether in document or deposition format, is filed with the Court for purposes of motions for summary judgment or other matters, such materials shall be filed under seal with the Court and shall be accompanied by a Motion to Seal. The envelope in which the sealed materials are filed shall bear the following caption:

> The enclosed documents are filed under seal and a Stipulated Protective Order entered in *Critical Nurse Staffing, Inc. v. Sarah Morlang*, in Civil Action No.

6

      1:14-cv-02016-LTB before the United States District Court for the District of Colorado. The filing is accompanied by a Motion to Seal. Unless ordered unsealed, the documents contained herein are to be reviewed only by a Judge of this Court or their law clerks, or counsel for the parties in this litigation.

Prior to issuing an Order unsealing any material that has been filed under seal, the Court will advise the Parties of its preliminary determination to do so and will afford the Party designating the material as "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" an opportunity within fifteen (15) days to either (a) advise the Court it accedes to this determination; or (b) submit a memorandum to the Court supporting the compelling reasons for retaining the material under seal. Thereafter, the Court will make the final determination either directing the materials to remain under seal or that they will be unsealed.

      13.    In the event "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" material is used in any court proceeding in connection with this litigation, it shall not lose its "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" status through such use, and the Parties shall take all steps necessary to protect its "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" status during such use.

      14.    Each individual who receives "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

      15.    Certain materials, documents and information may be sought from third parties not a party to this action who believe that the information requested of them is either "**CONFIDENTIAL**" or "**RESTRICTED CONFIDENTIAL**" as those terms are set forth herein. Those parties may produce the materials, documents or information subject to this order and this order shall apply to the materials, documents and information provided by those third parties as if they were a party hereto. Parties to this action shall treat the materials, documents and

7

information provided by a third party who agrees to produce the materials, documents and information under the protections of this order as if the information was provided by a party hereto. A copy of this order shall be provided to any third party objecting to production of materials, documents and information.

All materials, documents and information produced by a third party shall be returned to the third party at the conclusion of this action or any appeals thereto. All paper, or electronic copies retained by a party shall be concurrently destroyed at the same time as the return of originals to the third party in a manner so as to prevent disclosure of the materials, documents and information. A letter from counsel to the third party shall be sent to the third party affirming the same.

16. This Order shall continue to be binding throughout and after the conclusion of the trial of this action, including any appeal thereof. Upon conclusion of this litigation, any and all originals or original copies of the opposing Party's **"CONFIDENTIAL"** or **"RESTRICTED CONFIDENTIAL"** documents shall be returned to opposing counsel. All paper, or electronic copies retained by a party shall be concurrently destroyed at the same time as the return of original copies in a manner so as to prevent disclosure of the materials, documents and information. A letter from counsel to the opposing party shall be sent to the opposing party affirming the same. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses material covered by this Order may remain in the possession of counsel, and need not be returned, but shall remain subject to this Order.

17. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the attorney/work product doctrine, and materials that are otherwise beyond the scope of permissible discovery.

18. Nothing in this Order shall be construed as a waiver by a Party of any objections that might be raised as to the admissibility at trial of any evidentiary materials. In addition, nothing

in this Order shall preclude the attempt by any Party to introduce relevant and admissible evidence at a hearing or public trial in this action.

19. The terms of this Order may be modified only by written agreement of counsel for the Parties or by further order of this Court.

APPROVAL:       By  /s/ J. Christopher Ballard

J. Christopher Ballard
General Counsel
Critical Nurse Staffing, Inc.
1114 North First Street
Suite 200
Grand Junction, CO  81501
Phone: 970-254-9001

By  /s/ James Fosnaught
James Fosnaught
Karp Neu Hanlon, P.C.
201 14th Street, Suite 200
Glenwood Springs, CO  81601
(970) 945-2261

So Ordered this 21st day of October 2014.

BY THE COURT:

_____
Hon. Lewis T. Babcock

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

9